Bert R. Wiggs and Elsie M. Wiggs, his wife, Appellants v. The Northampton County Hanover Township Board of Supervisors and The Northampton County Hanover Township Planning Commission, Appellees.

Argued October 3, 1977, before Judges ROGERS and BLATT, sitting as a panel of two.

*Peter Rybak,* for appellants.

*Thomas E. Butterfield, Jr.,* for appellees.

OPINION BY JUDGE ROGERS, December 12, 1977:

Bert R. Wiggs and Elsie M. Wiggs, his wife, landowners, appeal from an order of the Court of Common Pleas of Northampton County sustaining a preliminary objection in the nature of a demurrer to, and dismissing, their petition for review in mandamus. The appellants sought an order of court requiring the respondent Supervisors of Hanover Township to affix their signatures to a subdivision plat of the appellants' land as evidence that their subdivision had township approval. The appellants' case is founded on Section 508 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10508, which in pertinent part provides:

> All applications for approval of a plat . . . shall be acted upon by the governing body . . . within such time limits as may be fixed in the . . . ordinance but the governing body . . . shall

render its decision and communicate it to the applicant not later than ninety days after such application is filed.

. . . .

(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented unless the applicant has agreed in writing to an extension of time . . . in which case, failure to meet the extended time . . . shall have like effect.

Mr. and Mrs. Wiggs say that the township failed to render a decision on their plat within ninety days and that this failure must be deemed approval.

Preliminary objections to a petition for review in the nature of a demurrer admit every well pleaded material fact. *International Union of Operating Engineers v. Linesville Construction Co.,* 457 Pa. 220, 322 A.2d 353 (1974). We must therefore examine the petition for review. The relevant averments of that pleading are: that the appellants submitted a plat plan sketch of their proposed subdivision for township approval on April 5, 1976; that their plat was "labeled a preapplication sketch plan" by the township authorities; that their plan was in full compliance with all township zoning requirements; that in compliance with comments of township authorities at township meetings, the appellants made adjustments and additions to the plat originally submitted (1) by rotating lot boundaries so that four of the 12 lots proposed would front on a proposed new road rather than an existing public road, (2) by providing a typical street cross-section, and (3) by signing, and procuring the signature of their engineer to, the plat; that the plat, as so adjusted, was delivered to the township on June 18, 1976; that on or about June 23, 1976, the ap-

plicants submitted to the township at the township engineer's request profiles of the proposed new road and copies of its plat further revised so as to show additional utility easements; that on the date of the filing by the appellants of their petition for review,[1] the supervisors had failed to render a decision or communicate it to the appellants; that more than ninety days having passed since April 5, 1976, their "final adjusted plan" must be deemed approved by virtue of Section 508(3) of the MPC; and that the supervisors must be ordered to attest the deemed approval by signing the "final adjusted . . . subdivision plat plan."

The township's subdivision regulations are not referred to in the petition for review and are not in this record. The petitioners do not aver that the subdivision plat filed April 5, 1976, or that plat as subsequently revised, complied with the township's subdivision regulations, as distinguished from zoning requirements; nor do they reveal whether the adjustments to the plan made by the plat delivered to the township on June 18, 1976 or the additional submissions made on or about June 23, 1976 were things required to be done in order to bring the filing into conformity with the township's subdivision regulations applicable to preliminary plans of subdivision.

The court below sustained the demurrer and dismissed the petition for review on the authority of *DePaul Realty Co. v. Borough of Quakertown,* 15 Pa. Commonwealth Ct. 16, 324 A.2d 832 (1974). In *DePaul* the landowner filed an application for subdivision approval which it knew deviated from a requirement of the municipality's zoning ordinance. Of course, subdivisions which did not comply with zoning regulations could not, under subdivision regulations, be ap-

---

[1] The docket reveals this date as July 7, 1976.

proved. At about the time it filed for subdivision approval the landowner also applied to the zoning authorities for the needed variance. The variance was eventually denied. The landowner thus refiled its subdivision plan revised to bring it into conformity with the zoning requirement. The municipality disapproved the subdivision plans for other reasons on a date later than 90 days after the first filing but within 90 days of the refiling of the plan as revised. We held that the landowner's action of submitting the revised plans automatically extended the period for municipal decision established by Section 508(3) of the MPC to a date 90 days after the date the plans as revised were refiled. Judge KRAMER, in his opinion for the court, emphasized that the revisions were made at the landowner's own volition in order to cure a known deviation from the municipality's subdivision regulations in its original plan. The appellants in this case, as we have noted, aver that they filed a subdivision plan for approval on April 5, 1976; that in compliance with township suggestions they made revisions to the plan and supplied street cross sections and profiles on June 18, 1976 and June 23, 1976. They do not aver that the plan as originally filed complied with the municipality's subdivision regulations or that the revisions and additional submissions later made were things extraneous to the requirements of a filing conforming to subdivision regulations. The absence of such averments leaves the door wide for the application of the rule of the *DePaul* case that revisions to original plans made to bring them into conformity with subdivision regulations extend the limitation of Section 508(3) to a date 90 days after the date of making the revisions.

While the appellants under the facts stated cannot, in our opinion, prevail, their petition for review does not exclude the possibility of recovery under a differ-

ent, better statement of facts. We will therefore modify the order below so as to permit them to amend their petition. This action is particularly indicated because the briefs of the parties present an issue inscrutably, if at all, mentioned in the petition for review. As noted, none of the township's subdivision regulations are in the record. The briefs of both parties tell us, however, that a provision of the regulations requires developers to submit a sketch plan 60 days before filing an application for preliminary plan approval. The appellants seem to argue that their original submission was the sketch plan required by this preapplication procedure and that we have held that such sketch plans must be deemed an application for approval of a plat for purposes of Section 508(3) of the MPC, citing *Mid-County Manor, Inc. v. Haverford Township Board of Commissioners*, 22 Pa. Commonwealth Ct. 149, 348 A.2d 472 (1975). The township answers that its preapplication requirement is crucially different from the one which in *Mid-County, supra,* we held began the 90 day limitation of Section 508(3). Of course, in passing on a demurrer we may not consider matters beyond the pleading opposed. The issue just referred to is not in the present record, but it may be made the subject of an amended petition for review.

We will reinstate the petition for review and affirm the order of the court below sustaining the respondents' preliminary objection in the nature of a demurrer modified to provide leave to the petitioners to amend the reinstated petition within twenty days after notice of our Order.

### ORDER

AND Now, this 12th day of December, 1977, it is ordered that the appellants' petition for review be reinstated; we affirm the order of the court below sustaining respondents' preliminary objection in the

nature of a demurrer modified to provide leave to the petitioners to amend the reinstated petition within twenty days after notice of this Order.