Michael J. Bobiak et al., Appellants *v.* Richland Township Planning Commission, Appellee.

Argued October 4, 1979, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*Richard P. McBride,* of *Power, Bowen & Valimont,* for appellants.

*Richard A. Rosenberger,* of *Souder, Rosenberger, Lapp & Bricker,* for appellee.

OPINION BY JUDGE MENCER, March 12, 1980:

Michael J. Bobiak and Mary I. Bobiak, his wife, and William P. Meyers, Wayne R. Johnson, James Tambourino, and Harold E. Roberts, trading as Huntington Hollow Associates (plaintiffs) appeal the decision of the Court of Common Pleas of Bucks County, dismissing plaintiffs' exceptions to the court's denial of relief in mandamus. This action was commenced to obtain a court order requiring the Richland Township Planning Commission (Commission)

to evidence approval of the preliminary subdivision plan filed by William P. Meyers and Herbert L. Luff on April 22, 1974, on the basis that the plan is deemed approved under Section 508(3) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10508(3),[1] as a result of the Commission's failure to render a decision regarding their preliminary plan within 90 days of application.

On March 6, 1974, the Bobiaks agreed to sell approximately 64 acres of land to Meyers and Luff, conditioned upon the buyers' obtaining subdivision ap-

---

[1] Section 508 of the MPC provided, at the time in question here:

All applications for approval of a plat . . . whether preliminary or final, shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance but the governing body or the planning agency shall render its decision and communicate it to the applicant not later than ninety days after such application is filed.

(1) The decision of the governing body or the planning agency shall be in writing and shall be communicated to the applicant personally or mailed to him at his last known address not later than five days following the decision;

(2) When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon;

(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect. . . .

proval and obtaining the necessary financing for the purchase price. On April 22, 1974, Meyers and Luff submitted their subdivision application to the Commission. At an open meeting on July 22, 1974,[2] Meyers received from the Commission a copy of the township engineer's letter to the Commission regarding the engineer's review of the plan. The Commission discussed the letter's contents with Meyers but took no other action. In December 1974, Meyers and Luff terminated their interest in the Bobiak property. In December 1976, the Bobiaks agreed to sell the same property to Huntington Hollow Associates, a partnership of which Meyers is a partner. This action in mandamus followed on April 29, 1977. We reverse.

The issue is whether the presentation and discussion by the Commission of the township engineer's letter which comprises his review and comments on the proposed plan, without more, constitutes compliance with the requirement at that time in Section 508 of the MPC that "the governing body or the planning agency shall render its decision and communicate it to the applicant not later than ninety days after such application is filed."

Although, as the lower court noted, the applicant and the Commission understood that the proposed plan needed revisions, we are not convinced that the Commission acted upon the application and rendered its decision with regard to it in a manner contemplated by the MPC. Section 508 provided then, as now, that the plans are submitted for "approval" and are to be "acted upon" by the governing body which is to "render its decision." In this case, the Commission did not approve or disapprove the plan in any

---

[2] The Commission's meeting was held on the 91st day following submission of the proposed plan. The 90th day, however, was a Sunday.

official manner, *i.e.*, the Commission did not vote, did not issue its own determination as to the merits of the plan,[3] and did not adopt the recommendations in the township engineer's letter as its own.[4] Likewise, the Commission did not in any way issue or communicate its own written decision to the applicants, as required by Section 508(1) of the MPC. Informally securing the applicant's acknowledgment that revisions were necessary does not comport with the requirement that the Commission act upon an application for approval.[5] Cf. *Petrone v. Swatara Township Board of Commissioners*, 22 Pa. Commonwealth Ct. 415, 349 A.2d 500 (1975) (split vote of a governing body on an application for approval of a development plan does not constitute a decision because it does not provide a settlement or determination of the question submitted).

Since the Commission failed to render its decision in accordance with Section 508 of the MPC as to the subdivision plan filed by Meyers and Luff,[6] Section 508(3) requires that the application be deemed approved. Under our case law, mandamus is an appropriate method for obtaining recognition of this ap-

[3] See generally *Garchinsky v. Clifton Heights Borough*, 437 Pa. 312, 263 A.2d 467 (1970); *Beverly Building Corp. v. Zoning Board*, 28 Pa. D. & C. 2d 761 (C.P. Montg. Co. 1961), *affirmed*, 409 Pa. 417, 187 A.2d 567 (1963), with regard to what constitutes a decision.

[4] See, *e.g.*, *Swinehart v. Upper Pottsgrove Township*, 23 Pa. Commonwealth Ct. 282, 351 A.2d 702 (1976).

[5] The landowners did not refile their subdivision plan revised in compliance with comments of the township engineer and Commission suggestions, and thus *Wiggs v. Northampton County Hanover Township Supervisors*, 32 Pa. Commonwealth Ct. 631, 380 A.2d 505 (1977), is not applicable here.

[6] In view of this determination, we need not discuss other issues raised by plaintiffs, such as whether the Commission's decision was sufficiently specific and timely to meet the requirements of Section 508.

proval. *See Petrone v. Swatara Township Board of Commissioners, supra; Joseph A. Puleo & Sons, Inc. v. Borough Council of Phoenixville,* 7 Pa. Commonwealth Ct. 248, 298 A.2d 658 (1973).

Given this disposition, we must address several other points raised by the Commission. First, the Commission contends that the plaintiffs in this action are not entitled to assert the rights flowing to applicants whose subdivision plan is deemed approved by virtue of Section 508(3). Meyers, however, is an "applicant," as defined in Section 107(1) of the MPC, 53 P.S. §10107(1), and is certainly entitled to assert the right of deemed approval, since he, along with Luff, filed the application for subdivision approval and at that time, as now, was a "landowner" as defined in Section 107(12).[7]

We find no support in the MPC or case law for the Commission's contention that Meyers' right to deemed approval is abrogated by the fact that, between the time of application and the time of this action, he lost his status as a landowner and subsequently regained it.

---

[7] "Applicant" and "landowner" are defined in Section 107 of the MPC as follows:

(1) 'Applicant,' a landowner or developer, as hereinafter defined, who has filed an application for development including his heirs, successors and assigns.

. . . .

(12) 'Landowner,' the legal or beneficial owner or owners of land including the holder of an option or contract to purchase (whether or not such option or contract is subject to any condition), a lessee if he is authorized under the lease to exercise the rights of the landowner, or other person having a proprietary interest in land, shall be deemed to be a landowner for the purposes of this act.

We note that, although the record does not indicate whether either Meyers or Luff may have assigned his rights to plaintiffs or others, we are satisfied that relief may not be denied for lack of a proper party.

Finally, under the particular facts of this case, we are unable to say that the passage of approximately 2 1/2 years between the time of deemed approval and commencement of this action defeats the applicant's right to mandamus. *Cf. Mid-County Manor, Inc. v. Haverford Township*, 22 Pa. Commonwealth Ct. 149, 348 A.2d 472 (1975) (mandamus relief available despite nearly 2-year delay between time of deemed approval by virtue of failure to act upon proposed plan and time Mid-County sought to compel issuance of building permits based on deemed approval).[8]

Order reversed.

## ORDER

AND Now, this 12th day of March, 1980, the order of the Court of Common Pleas of Bucks County, dated May 23, 1978, denying the exceptions filed by Michael J. Bobiak et al. to the court's decision of January 19, 1978, is reversed, and the Court of Common Pleas is directed to enter judgment against the Richland Township Planning Commission and enter an order directing the said planning commission to approve the preliminary subdivision plans filed with the planning commission by William P. Meyers and Herbert L. Luff on April 22, 1974.

President Judge BOWMAN and Judge DISALLE did not participate in the decision in this case.

---

[8] We note that an application for development approval with regard to the same land, filed by a person not a party here, which application was denied, does not operate to void the application under consideration in this appeal. *Cf. Capitol Investment Development Corp. v. Jayes*, 30 Pa. Commonwealth Ct. 283, 373 A.2d 785 (1977) ; *Morris v. Northampton County Hanover Township Board of Supervisors*, 39 Pa. Commonwealth Ct. 466, 395 A.2d 697 (1978) (two different proposed plans may be submitted and approved where both plans are submitted by the same applicant).