Raccoon Mountain, Incorporated, Appellant *v.* Perry County Planning Commission, Appellee.

Argued March 14, 1980, before Judges MENCER, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*P. Richard Wagner,* with him *Mancke & Lightman,* for appellant.

*William R. Bunt,* for appellee.

OPINION BY JUDGE CRAIG, April 18, 1980:

Raccoon Mountain, Incorporated (developer) appeals from an order of the Court of Common Pleas of Perry County sustaining a demurrer by Perry County Planning Commission (commission) to developer's complaint in mandamus, which alleged that the developer's pre-application (sketch) plan and alteration request should be deemed accepted by the commission because the commission failed to act on them within ninety days, as required by Section 508(3) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10508(3).

In April, 1978, developer had filed with the Perry County Planning Commission a pre-application plan of developer's intended subdivision of a 220-acre tract of land located in Tuscarora Township, Perry County. The commission took no action on that plan until September 20, 1978, when the commission denied developer's request, more than four months after it was submitted.

Developer contends that Section 301 of the Perry County Subdivision and Land Development Ordinance (Ordinance) makes submission of the pre-application plan a mandatory first step in a three-step application process. Therefore, developer reasons that its filing triggered the ninety-day period of MPC §10508(3), so that a deemed approval resulted.

We disagree because a full reading of Section 301 of the Ordinance, set forth verbatim in a footnote,[1] re-

---

[1] Section 301. Whenever a subdivision of land or land development is desired to be effected, the applicant may prepare Pre-Application Plans and Data in accordance with the requirements contained in Section 302 and 303, and shall prepare a Preliminary Plat and Final Plat for processing, as follows:

1. Prepare Pre-Application Plans and Data in accordance with the requirements contained in Section 302 and 303.

2. Prepare and submit a Preliminary Plat for the entire property of the owner proposing such subdivision in accordance with the requirements contained in Sections 304 and 305, where Pre-Application Plans and Data have not been prepared then Section 302-1, 4 and Section 303-2, 4, 5, 6, 7, 8, and 9 shall also be required, except as follows:

(a) Where fewer than six (6) lots are proposed to be subdivided from a tract of land or where land is being transferred to be combined with an existing lot, the Commission, in response to a written request by the applicant, may waive the requirements of Pre-Application Plans and Data and the Preliminary Plat requirements, provided such proposal is on an existing street and no new streets are involved. In such instances the applicant shall submit a Final Plat. (see paragraph 3, below)

veals a two-step procedure, with the pre-application plan being only an optional consultation before the first official application step—the preliminary plat.

The first sentence of Section 301 plainly says that an applicant "may prepare" a pre-application plan and "shall prepare" the preliminary and final plats. Some ambiguity is introduced when, following the "shall prepare" language, the first subsection thereunder again mentions the pre-application plan, with subsections as to the preliminary and final plats below it.

However, study of all those subsections confirms the optional nature of the pre-application plan, as indicated in the first sentence by the word "may", quoted above. Subsections 1, 2 and 3 of Section 301 are primarily intended to refer the applicant to those other sections of the Ordinance which govern the contents of a pre-application plan, preliminary plat, or final plat. Moreover, subsection 2(a) of Section 301 explicitly sets forth the procedure to be followed in preparing a preliminary plat when a pre-application plan is *not* filed. Therefore, subsection 2(a), by clearly acknowledging that the pre-application plan is not inevitable, defeats developer's argument that submission of such a sketch plan is a mandatory step when applying for a subdivision approval under the Perry County Land Ordinance.

*Mid-County Manor, Inc. v. Haverford Township,* 22 Pa. Commonwealth Ct. 149, 348 A.2d 472 (1975), is clearly distinguishable. There, unlike the present case, that particular ordinance set forth a three-step pro-

---

3. Prepare and submit a Final Plat for that portion to be developed, in accordance with Section 306 and 307. In the case of (2) above, the Final Plat shall include the following additional information:

(1) Soil Suitability report from Sewage Facilities Officer in case of on-lot sewage systems. . . .

cedure which made submission of a sketch plan a mandatory and official step in the application process.

Accordingly, we affirm the decision of the lower court.

ORDER

AND Now, this 18th day of April, 1980, the order of the Perry County Court of Common Pleas, dated March 8, 1979, is affirmed.