Board of Commissioners of Abington Township, Appellant *v.* Quaker Construction Company and Hillside Cemetery Company, Appellees.

Argued November 16, 1981, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Paul A. Logan*, with him *Thomas E. Waters, Jr., Waters, Gallagher, Collins & Masterson*, for appellant.

*J. Peirce Anderson, Kane, Pugh, Anderson, Subers & McBrien*, for appellees.

OPINION BY JUDGE BLATT, February 24, 1982:

The Board of Commissioners of Abington Township (Board) seeks review of a judgment in mandamus filed by the Court of Common Pleas of Montgomery County ordering the Board to grant approval to the subdivision plan of the appellees[1].

The appellees sought approval from the Board to subdivide 63 acres in Abington Township for the construction of single-family residences. A tentative sketch[2] of the subdivision plan was submitted to the Department of Public Works of Abington Township, which recommended to the Board in a meeting on April 10, 1979 that the application be refused. The Board adopted that recommendation and took no further action on the proposed subdivision. On July 3, 1979, the appellees filed an action in mandamus seeking to compel the Board to approve the tentative

---

[1] Quaker Construction Company and Hillside Cemetery Company.

[2] Section 146-4 of the Abington Township Subdivision of Land Ordinance defines "tentative sketch":

> A rough draft showing proposed streets and lots, preferably prepared by a registered engineer or surveyor, to be used as the basis for informal discussion between representatives of the Township and the subdivider.

sketch, contending that the Board did not comply with the notification requirements of Section 508 of the Pennsylvania Municipalities Planning Code (MPC),[3] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10508 and that the subdivision plan should therefore be deemed to have been approved. The court of com-

---

[3] Section 508 of the MPC provides in pertinent part:

All applications for approval of a plat (other than those governed by Article VII), whether preliminary or final, shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance but the governing body or the planning agency shall render its decision and communicate it to the applicant not later than ninety days following the date of the regular meeting of the governing body or the planning agency (whichever first reviews the application) next following the date the application is filed, provided that should the said next regular meeting occur more than thirty days following the filing of the application, the said ninety-day period shall be measured from the thirtieth day following the day the application has been filed.

(1) The decision of the governing body or the planning agency shall be in writing and shall be communicated to the applicant personally or mailed to him at his last known address not later than fifteen days following the decision;

(2) When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon;

(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect.... (Footnote omitted.)

mon pleas granted a peremptory judgment ordering that the Board approve the tentative sketch of the subdivision plan, and the Board's petition to open that judgment was dismissed. The Board's appeal of those two orders was denied by the court below and this appeal followed.

The Board first maintains that the notification requirements of Section 508 of the MPC do not apply here because the tentative sketch submitted by the appellee was not mandatory under the Abington Township Subdivision of Land Ordinance and this case is therefore not governed by this Court's decision in *Mid-County Manor Inc. v. Haverford Township Board of Commissioners*, 22 Pa. Commonwealth Ct. 149, 348 A.2d 472 (1975), but is controlled by our holding in *Raccoon Mountain, Inc. v. Perry County Planning Commission*, 50 Pa. Commonwealth Ct. 613, 413 A.2d 1170 (1980).[4]

In *Mid-County Manor* we noted that, while the MPC envisions only a two-step process for the approval of a subdivision plan, the submission of a preliminary and a final plan, a township may require more than two steps. *Id.* at 156-57, 348 A.2d at 476, note 2. We concluded, however, that even if the governing body of a municipality does prescribe additional procedures, it must nevertheless comply with the notice provisions contained in Section 508 of the MPC. We concluded that the sketch and site plans filed by Mid-County as the first of three steps required in seeking plan approval should have been acted upon by the Township within 90 days and that its failure to act constituted an approval of the plans. In *Raccoon Mountain Inc.*, however, we found that the initial stage of the County's three-step application process

---

[4] Our decision in *Raccoon Mountain* was not available to the Board at the time that its brief was filed, but the question of the applicability of that case was properly raised at oral argument.

was optional, not mandatory, that *Mid-County Manor* was therefore distinguishable and that Section 508 did not apply in that case.

We believe that this case is controlled by *Mid-County Manor*. Article IV of the Abington Township Subdivision of Land Ordinance governs Plan Processing Procedures and Section 146-7 of Article IV requires that "[t]he procedures set forth in this Article shall be strictly followed by all subdividers." Section 146-8 of Article IV provides that "[a] tentative sketch shall be submitted to the Township Engineer for informal discussion and suggestions as to general layout and preparation of the preliminary plan." We believe that these sections of the ordinance clearly establish that submission of a tentative sketch by a subdivider is a mandatory step in the process of obtaining subdivision approval. We are, of course, aware of Section 146-32 which provides: "In order to save unnecessary work, it is recommended that before preparing preliminary plans, a tentative sketch showing proposed streets and lots be submitted for review. It may be in pencil and need not be drawn to scale." This section, however, is contained in Article VI of the ordinance which covers Plan Requirements, and we believe that this language concerns only the content of the tentative sketch and not the necessity for submitting one. We must conclude, therefore, that *Mid-County Manor* requires that the notice requirements of Section 508 of the MPC be applied in this case.

The Board also argues that it expressly rejected the tentative sketch because of numerous inadequacies in the plan and that such rejection should be effective, despite any technical violations of Section 508. Section 508 requires that a governing body's decision must be in writing and communicated to the applicant within 90 days of the governing body's regular meeting and that the decision must also be mailed or personally

communicated to the applicant within 15 days. Section 508(1) of the MPC, 53 P.S. §10508(1). There is no question that no such written decision was rendered and that no mailing or personal communication was made to the appellees here. In addition, Section 508(2) of the MPC, 53 P.S. §10508(2), provides that the governing body's decision must also explicitly set forth, not only the defects in the subdivision plan, but also the sections of the municipality's ordinances which the plan violates. The Board, by failing to render a written decision, also failed to specify to the appellees which sections of the Township's ordinance were inconsistent with the tentative sketch. Under Section 508(3) of the MPC, 53 P.S. §10508(3), failure to comply with all of the aforementioned technical requirements results in a deemed approval of the subdivision plan. The requirements of Section 508, although technical, are nonetheless mandatory and the Board cannot avoid its duty to comply with Section 508 merely by asserting that it had valid reasons for rejecting the appellees' tentative sketch. *See V. C. Finisdore, Inc. v. Lower Merion Township*, 27 Pa. Commonwealth Ct. 598, 367 A.2d 412 (1976). Because the Board did not comply with Section 508 in attempting to reject the appellees' tentative sketch, we must hold that said sketch was approved. *See e.g., Bobiak v. Richland Township Planning Commission*, 50 Pa. Commonwealth Ct. 77, 412 A.2d 202 (1980); *Finisdore.*

We will therefore affirm the order of the court below.

ORDER

AND Now, this 24th day of February, 1982, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is affirmed.

Judge PALLADINO did not participate in the decision in this case.