Willard R. Croft et al., Appellants *v.* Board of Supervisors of Middletown Township, Appellee.

Argued June 6, 1983, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Richard P. McBride*, with him *Edward F. Murphy*, *McBride, Murphy & Sudfeld*, for appellant.

*Martha F. Lindner, Brady, Lindner & Cullen*, for appellee.

OPINION BY JUDGE MACPHAIL, August 22, 1983:

Appellants[1] here challenge an order of the Court of Common Pleas of Bucks County denying their request for mandamus relief to compel the deemed approval of their tentative sketch subdivision plan pursuant to Sec-

---

[1] Willard R. Croft, John Brown, Sidney T. Yates, Thomas J. Kardish, John J. McGrau, Jr., Donald H. Souilliard, William B. Fast, David R. Johnson, Arthur W. Doyle and Solomon Rudman, t/a Woodbourne Associates.

tion 508 of the Pennsylvania Municipalities Planning Code (MPC).[2]

The pertinent facts, which have been stipulated to by counsel, reveal that Appellants own a tract of land containing approximately 122.63 acres in Middletown Township, Bucks County. On November 22, 1976, Appellants filed a tentative sketch plan, pursuant to the Township's subdivision ordinance, proposing a subdivision of the subject property into 291 lots with a minimum lots size of 10,000 square feet. On December

---

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10508. At the time relevant to the instant appeal, Section 508 provided in pertinent part as follows:

All applications for approval of a plat (other than those governed by Article VII), whether preliminary or final shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance but the governing body or the planning agency shall render its decision and communicate it to the applicant not later than ninety days after such application is filed.

(1) The decision of the governing body or the planning agency shall be in writing and shall be communicated to the applicant personally or mailed to him at his last known address not later than five days following the decision;

(2) When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon;

(3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect....

2, 1976, the Township Board of Supervisors (Board) authorized the advertisement of a proposed zoning change of Appellants' property from R-2 to RA-2 which would, *inter alia*, increase the minimum lot size requirement from 10,000 to 30,000 square feet. The zoning change was adopted by the Board on January 18, 1977. On January 19, 1977 Appellants were notified by letter as follows:

> Be advised that the Board of Supervisors at a meeting held on Tuesday, January 18, 1977 denied approval of the Tentative Sketch Plan for the above referenced parcel of ground because said plan does not conform to the existing zoning.

Appellants did not appeal that decision, but rather, instituted the instant mandamus action on July 18, 1979. Appellants contend that their tentative sketch plan is entitled to deemed approval pursuant to Section 508(3) of the MPC, 53 P.S. §10508(3)[3] due to the failure of the Board to specify the defects in the plan and describe, with citations to appropriate portions of the ordinance, the requirements which Appellants failed to satisfy. It is well settled that a decision denying a subdivision plan must specify the defects in the plan with citations to the provisions in the ordinance or statute relied upon. Absent the requisite citations a subdivision plan must be deemed approved. *Harrisburg Fore Associates v. Board of Supervisors of Lower Paxton*, 21 Pa. Commonwealth Ct. 137, 344 A.2d 277 (1975).

Following a hearing, the court of common pleas ruled that mandamus relief was inappropriate for two reasons: 1) that Appellants had an adequate remedy in the form of a statutory appeal under Section 1006 of the MPC, 53 P.S. §11006 and 2) that the filing of a

---

[3] *See supra* note 2.

tentative sketch plan is an optional procedure under the Township's subdivision ordinance and that a decision regarding such a plan is, therefore, not subject to the notice requirements of Section 508. Appellants have challenged both of these conclusions in the present appeal.

We first address the trial court's conclusion that Appellants erred by not pursuing a statutory appeal. We have repeatedly held that mandamus may be employed to obtain recognition of the right to a deemed approval under the MPC. *National Development Corp. v. Harrison Township Planning Commission*, 64 Pa. Commonwealth Ct. 246, 439 A.2d 1308 (1982); *Bobiak v. Richland Township Planning Commission*, 50 Pa. Commonwealth Ct. 77, 412 A.2d 202 (1980); *Bucks County Housing Development Corp. v. Plumstead Township*, 45 Pa. Commonwealth Ct. 532, 406 A.2d 832 (1979); *Foltz, Jr. v. Monroeville and Borden*, 5 Pa. Commonwealth Ct. 304, 290 A.2d 269 (1972). The cited cases have all involved instances where either no decision on an application has been issued or the decision has been communicated to the applicant in an untimely manner. We have recognized that mandamus, as opposed to a statutory appeal, is appropriate in either instance and is not limited to cases where no decision is ever rendered. Thus, the fact that a written decision is issued does not make a statutory appeal an adequate remedy where the decision is allegedly subject to the deemed approval sanctions of the MPC. The logic behind this result was explained as follows in *Foltz, Jr.*, wherein we adopted portions of the trial court's opinion:

> The statutory appeal challenges *the content* of the decision rendered while the mandamus action brought under the statute assaults the inaction of the Board. We are not persuaded that the availability of a remedy promulgated to

challenge the content of a decision adequately
affords this plaintiff the opportunity to
challenge the failure to render a decision within
the proper period of time. (Emphasis added,
footnote omitted.)

*Id.* at 310-311, 290 A.2d at 272.

Here, the trial court drew a distinction between
municipality decisions which are subject to deemed ap-
proval due to their untimeliness and those which are
subject to the same sanction for failure to contain suf-
ficient specificity as required by Section 508. The trial
court concluded that mandamus is appropriate in the
former case but that alleged deficiencies in the *form* of
a decision must be determined through a statutory ap-
peal. We disagree.

We believe the reasoning set forth in *Foltz, Jr.* is
applicable to all cases involving the issue of entitle-
ment to a deemed approval under the MPC. As we
have noted, Section 508 requires that deemed approval
be granted where no timely written decision is com-
municated to the applicant or where a decision deny-
ing approval does not include citation to the specific
ordinance provisions relied upon. We think mandamus
is an appropriate remedy in either instance since the
applicant in both cases is not seeking review of the
substance of the decision. Instead, the applicant is
seeking a determination that the municipality has
failed to comply with the notice requirements of Sec-
tion 508.

Our conclusion that Appellants appropriately in-
stituted mandamus proceedings here is consistent with
our recent decision in *Clepper Farms, Inc. v. Trim-
mer*, 66 Pa. Commonwealth Ct. 326, 443 A.2d 1385
(1982). There we ruled on a mandamus appeal involv-
ing the issue of whether an applicant was entitled to
deemed approval of a preliminary subdivision plan
where a timely written decision denying approval did

not include the requisite ordinance citations. We decided in *Clepper* that deemed approval was required and we implicitly recognized the appropriateness of mandamus as a means for seeking that approval.[4]

We now turn to the issue of whether the trial court correctly ruled that the submission of the tentative sketch plan was an optional procedural step under the subdivision ordinance and that action on the plan was, therefore, not subject to the notice requirements of Section 508. We held in *Mid-County Manor v. Haverford Township*, 22 Pa. Commonwealth Ct. 149, 348 A.2d 472 (1975), that while the MPC envisions only two steps, preliminary and final, in the consideration of subdivision applications, a municipality which requires additional steps must nevertheless comply with the notice provisions of Section 508. The notice requirements are only applicable, however, where the additional steps are mandatory rather than optional. *Abington Township Board of Commissioners v. Quaker Construction Co.*, 65 Pa. Commonwealth Ct. 8, 441 A.2d 801 (1982); *Raccoon Mountain, Inc. v. Perry County Planning Commission*, 50 Pa. Commonwealth Ct. 613, 413 A.2d 1170 (1980). We, accordingly, must analyze the Township's subdivision ordinance to deter-

---

[4] The trial court distinguished *Clepper* from the instant case on the basis that we did not directly address the issue of the propriety of a mandamus action in *Clepper* and because the mandamus action there was commenced within the stautory appeal period under the MPC. In the present case the mandamus action was not commenced until approximately two and one-half years following the Board's decision. We have decided in other cases, however, where time periods similar to the one here have elapsed before the institution of an original mandamus action. *See Bobiak* (two and one-half years between time of deemed approval and commencement of mandamus action) and *Mid-County Manor* (two year delay in commencing mandamus action). We held in those cases, as we do here, that the time delay would not defeat the applicant's right to proceed in mandamus.

mine whether submission of the tentative sketch plan is an optional or mandatory step in the application process.

Article 4 of the ordinance sets forth the subdivision application procedures and states that, "The procedures set forth in this Article shall be followed by all applicants." The Article is divided into three subparts: the "Tentative Sketch Plan", the "Preliminary Plan" and the "Final Plan". Each subpart contains detailed procedures to be followed by the applicant. Although the tentative sketch plan is intended to provide the opportunity for early and informal consultation with the township and county planning commissions and the Board, a reading of the pertinent ordinance provisions demonstrates that its informality does not alter the mandatory nature of the process. In fact, Article 8 of the ordinance, which deals with application and plan requirements, provides in pertinent part that:

> For the purpose of having a subdivision or land development reviewed and approved by the Board of Supervisors, the applicant *shall file* with the Township Manager the respective plans and applications ... in accordance with Article IV. (Emphasis added.)

The mandatory nature of the tentative sketch plan is further demonstrated by the fact that the ordinance also requires, in Section 405, that the "preliminary plan shall be submitted *conforming to the changes recommended during the tentative sketch plan procedure.*" (Emphasis added.) We are also aware that Section 803 of the ordinance provides that a "tentative sketch plan *may* be submitted" (emphasis added) by the applicant. We think, however, that this single indication that the tentative sketch plan might be optional is overshadowed by the other mandatory language in the ordinance. Reading the ordinance as a whole, the tentative sketch plan procedure is clearly

an integral and mandatory phase in the application process. As such, we conclude that Appellents are entitled to the protection afforded by the notice requirements of Section 508 of the MPC at the tentative sketch plan stage. Since the letter notification sent to Appellants in this case did not include the requisite citation to the ordinance provisions relied upon in denying the plan, we conclude that the plan must be deemed approved as filed.[5]

Order reversed.

### ORDER

The order of the Court of Common Pleas of Bucks County, dated July 9, 1982, is hereby reversed. The Court of Common Pleas is directed to enter judgment against the Board of Supervisors of Middletown Township and enter an order directing said Board to approve the tentative sketch plan filed by William R. Croft et al. on November 22, 1976.

---

[5] Our order recognizes that the approval of the tentative sketch plan is only a preliminary step in the application process and that further proceedings will be necessary under the subdivision ordinance before Appellants can be entitled to final approval of their plan.