## Strause v. Maidencreek Township

*Adam B. Krafczek,* for plaintiff.
*Kenneth E. Sands, Jr. and Robert R. Reber,* for defendants.

ESHELMAN, *J.,* November 22, 1985—Plaintiff in this action in mandamus seeks to have the court order defendants to: approve and sign a subdivision plan as submitted; declare Maidencreek Township Ordinance 88 of 1984 (Ordinance 88) null and void; award damages for lost profits; award counsel fees and costs; and award punitive damages. Defendants filed preliminary objections in the nature of a demurrer and a motion to strike the averments of punitive damages and counsel fees. Plaintiff then filed a motion for peremptory judgment. All of these motions were argued on September 3, 1985.

For the purpose of addressing defendants' demurrer, we look at the complaint in the light most favorable to plaintiff. We find that he filed a plan of subdivision which was approved by the Maidencreek Township Planning Commission (commission) on November 28, 1984. Reading Count 9(a) in plaintiff's favor, we see that he filed this plan prior to the enactment of Ordinance 88. Ordinance 88 was passed on October 9, 1984. The plan as approved by the commission was sent to the Maidencreek Township Board of Supervisors (supervisors) on November 28, 1984, and they refused to approve the plan, citing plaintiff's noncompliance with Ordinance 88.

Plaintiff's complaint alleges that no adequate remedy exists, that Ordinance 88 is illegal as written and illegal as applied to him since it regulates private roads and was passed after his plan was filed. The complaint also alleges malice on the supervisors' part in enacting the ordinance and applying it to his plan.

Defendants' preliminary objections show that the supervisors notified plaintiff seven days after their refusal to approve his plan. Plaintiff argued that Maidencreek Township's Subdivision Ordinance and Pennsylvania's Municipal Planning Code (MPC), 53 Pa.C.S. § 10101 et seq., require such notice to be mailed within five days, so that his plan is "deemed approved" due to the supervisors' delay. But section 508 of the MPC provides 15 days for delivery of such notice, and so there is no lateness. Where local ordinances and the MPC are inconsistent, the MPC controls. Parkesburg Associates Registered v. Cassidy, 23 Ches. Co. Rep. 283 (1975).

Defendants argued that this court is without jurisdiction to consider plaintiff's mandamus action, citing 42 Pa.C.S. §5571(b) and National Development Corporation v. Planning Commission of the Township of Harrison, 64 Pa. Commw. 246, 439 A.2d 1308 (1982). These require mandamus actions attacking the supervisors' decision to be treated as administrative appeals, subject to a 30-day appeal period.

Plaintiff argued that mandamus is proper without a statutory appeal, citing Croft v. Board of Supervisors of Middletown Township, 76 Pa. Commw. 488, 464 A.2d 625 (1983). Croft, however, only allows a mandamus action outside the appeal period where the complaint alleges that a governing body (supervisors) had not rendered a decision and notified plaintiff within time limits established by section 10508 of the MPC.

The reason mandamus is allowed in such instances is that one who seeks to have a plan "deemed approved" is not seeking a substantive review of the supervisors' decision, but is instead relying on procedural safeguards against official procrastination. Croft, supra; see also Morris v.

Northampton County Hanover Township Board of Supervisors, 39 Pa. Commw. 466, 395 A.2d 697 (1978). Plaintiff's complaint does not allege procedural errors under 10508 of the MPC.

Plaintiff argued that Ordinance 88 is illegal as written and could not be a legal basis for the supervisors' decision, therefore it should be declared null and void. Hearing a similar argument, the Lycoming County Court of Common Pleas noted:

"This contention may be correct. However, a mandamus proceeding is not the proper proceeding to test the legality of the law. Mandamus is an extraordinary proceeding to be used when a public official refuses to perform a ministered duty. It should not be used to test or determine the illegality of a law." De Vito v. Kropp, 3 Lyc. 204, 206 (1952).

For plaintiff to overcome defendants' demurrer, his complaint must contain allegations that would grant jurisdiction to this court. The complaint only alleges the procedural "error" of mailing notice of the supervisors' decision in seven days. The remainder of the complaint seeks substantive review of the supervisors' decision. Nothing prevents this court from treating the complaint as anything but an appeal filed outside the 30-day period.

Even if the complaint had contained sufficient allegations to grant jurisdiction, plaintiff had adequate remedies through the appellate process. In fact, he acknowledges that Ordinance 88 may yet be attacked under the Declaratory Judgment Act, 42 Pa.C.S. §7531 et seq.

For the foregoing reasons the court enters the following

ORDER

And now, this November 22, 1985, after consideration of briefs and arguments of counsel, defendants' preliminary objections to plaintiff's complaint.

are sustained and plaintiff's complaint in mandamus is dismissed. Consequently, plaintiff's motion for peremptory judgment is not reached.