BROMINSKI, J.,
This matter is before the court upon preliminary objections of defendant, Buck Township Board of Supervisors, to the complaint in mandamus filed by plaintiffs, Kenneth and Christine Rex and Louis F. Larsen, to the above-captioned term and number.
Defendant’s objections are in the form of a petition raising a question of jurisdiction, and read, in pertinent part, as follows:
“(4) Plaintiffs above-captioned submitted a sketch plan for a minor subdivision on or about August 16, 1989, for approval.
“(5) Said request for subdivision was denied on October 20, 1989, by the defendant.
“(6) Plaintiffs, on November 17, 1989, filed a notice of appeal in the Prothonotary’s Office of Luzerne County indexed to number 6175-C of 1989, a copy of which is attached hereto as Exhibit ‘A’ and incorporated herein by reference thereto. Said appeal deals with the same request and denial for subdivision which is subject to the above-captioned proceeding.
“(7) The court lacks jurisdiction over the subject matter in this mandamus action due to the fact that plaintiffs have another adequate remedy at law, mainly, to wit, the appeal filed with the Court of Common Pleas of Luzerne County to no. 6175-C of 1989.”
The sole question before us is whether plaintiffs are precluded from bringing an action in mandamus since previously they filed an appeal, to another term and number, from the decision of defendant denying plaintiffs’ request for approval of a minor *120 subdivision. We have carefully reviewed the record in conjunction with the appurtenant law and conclude that defendant’s objection is without merit.
The Pennsylvania Municipalities Planning Code requires that the decision of the governing body relative to an application for approval of a subdivision plan be in writing, and where the application is not approved in terms as filed, the decision shall specify the defects found in the application and describe the requirements which have not been met, citing the provisions of the statute or ordinance relied upon. The governing body’s failure to so act shall be deemed an approval of the application in terms as presented. 53 P.S. §10508(1), (2) and (3).
In the matter before us, the content of defendant governing body’s decision is as follows:
“This is to inform you that at the regular meeting of the Board of Supervisors held on October 20, 1989, the supervisors voted against approval of your minor subdivision plan referred to by you as ‘The Buck Township — Indian Lake — Larsen/Rex Minor Subdivision — Sketch Plan’ which was filed by you on August 16, 1989.”
The fact that a written decision has been issued does not render a statutory appeal an adequate remedy, where such decision allegedly is subject to the “deemed approval” sanctions of the code. Croft v. Board of Supervisors of Middletown Township, 76 Pa. Commw. 488, 464 A.2d 625 (1983). See also, Foltz Jr. v. Monroeville et al. and Borden et al., 5 Pa. Commw. 304, 290 A.2d 269 (1972). Mandamus is an appropriate remedy which is available to plaintiffs, since they are seeking a determination that defendant has failed to comply with section 10508 of the code. Here, plaintiffs are not seeking a review of the substance of the decision, as is the case in the appeal filed in this court to no. 6175-C of 1989. *121 Consequently, this court has jurisdiction to entertain plaintiffs’ mandamus action.
Accordingly, we enter the following
ORDER
It is hereby, ordered, adjudged and decreed that defendant’s preliminary objection in the nature of a petition raising a question of jurisdiction is overruled, denied and dismissed.