TIMOTHY F. PASCH, INC., Appellant,

v.

The SPRINGETTSBURY TOWNSHIP BOARD OF SUPERVISORS and Donald B. Bishop, Nicholas L. Gurreri, Lorraine O. Mitrick, and William H. Schneck, III, in their Official Capacities as Members of the Board of Supervisors of Springettsbury Township, and Friends of Camp Security, Diane Danby, Gerald W. Curran, and Christine E. Curran.

Commonwealth Court of Pennsylvania.

Argued March 31, 2003.

Decided May 15, 2003.

Reargument Denied July 8, 2003.

Kenneth L. Joel, Harrisburg, for appellant.

Charles A. Rausch, York, for appellee.

BEFORE: PELLEGRINI, Judge, FRIEDMAN, Judge, and KELLEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Timothy F. Pasch, Inc., (Developer) appeals from the July 9, 2002, order of the Court of Common Pleas of York County (trial court) that sustained preliminary objections filed by the Springettsbury Township Board of Supervisors (Board) to Developer's complaint in mandamus. We reverse.

On August 2, 2001, Developer filed a preliminary subdivision and development plan (Plan) with the Board. The Plan calls for the development of one-hundred (100) housing units on a portion of a sixty-five (65)-acre property known as "Hunters Crossing," a residential subdivision situated in Springettsbury Township, York County, Pennsylvania. The area of proposed construction is believed to encompass "Camp Security," the site of a former Revolutionary War prisoner of war camp. Members of Friends of Camp Security (a non-profit corporation organized for the purpose of preserving and commemorating the prisoner of war camp) and other individuals objected to the Plan, asserting that the property contains archeological artifacts that should be preserved.

Board Supervisors Donald P. Bishop, Nicholas L. Gurreri, Lorraine O. Mitrick and William H. Schneck, III, considered the Plan at the Board's October 11, 2001, meeting.[1] Following public comment,[2] Supervisor Bishop moved to approve the Plan, subject to certain conditions.[3] The motion was seconded by Supervisor Gurreri.

Supervisor Schneck stated that, aside from the historical issues, he had no problem with the Plan; he said that the Plan was probably the best he'd seen during his tenure on the Board and that it satisfied the requirements of the township's ordinance. (R.R. at 248–49, 266.) Nevertheless, he voted to deny the Plan, stating that he preferred to "make a mistake that can be corrected." (R.R. at 250.) Supervisor Mitrick stated that he was not confident that the Plan satisfied ordinance provisions concerning environmental impact studies, and he also voted to deny the Plan. (R.R. at 256.) The result was a 2–2 tie vote.

By letter dated October 15, 2001, the Board notified Developer of the tie vote and of the Board's opinion that a tie vote constitutes a denial of the Plan application. (R.R. at 17.) The letter advised Developer that the Board's opinion regarding the effect of the tie vote was based on this court's decision in *Penllyn Lands v. Board of Supervisors of Lower Gwynedd Township,* 162 Pa.Cmwlth. 14, 638 A.2d 332, *appeal denied,* 539 Pa. 684, 652 A.2d 1328 (1994).

On November 1, 2001, Developer filed a complaint in mandamus, alleging that the Board's failure to render a decision and specify defects found in the Plan entitled Developer to a deemed approval of the Plan pursuant to section 508 of the Munici-

---

1. The fifth member of the Board, Kenneth W. Pasch, recused himself.

2. Comments from the public primarily centered on the historical value of the land known as Camp Security and a desire to delay development in order to have additional time to investigate that site.

3. The proposed conditions included: 1) approval by Windsor Township; 2) receipt of General Permits 4, 5 and 7 from the Department of Environmental Protection; 3) grant of Part 2, pump station permit; 4) approval by the Township engineer of the new swale design; and 5) agreement between the Township and Developer as to the maintenance of park facilities. (R.R. at 268.)

palities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10508. Developer sought an order directing the Board to approve the Plan application and an award of attorneys' fees and costs. Developer also filed a statutory appeal with the trial court on November 7, 2001.

The Board filed preliminary objections in the nature of a demurrer to Developer's complaint in mandamus. Relying on *Penllyn,* the trial court concluded that Developer was not entitled to deemed approval of the Plan, because the tie vote of the Board constitutes a negative decision. The trial court further held that mandamus is not a proper vehicle for challenging the Board's action and that the appropriate remedy for a disappointed applicant is a statutory appeal.[4] Accordingly, the trial court granted the preliminary objections and dismissed Developer's complaint. Developer now appeals to this court, arguing that the trial court erred as a matter of law in granting the preliminary objections.[5]

■■■ Section 508 of the MPC was enacted to remedy indecision and protracted deliberations on the part of local governing bodies, to eliminate deliberate or negligent inaction on the part of government officials, *Morris v. Northampton County Hanover Township Board of Supervisors,* 39 Pa.Cmwlth. 466, 395 A.2d 697 (1978), and to assure that an unsuccessful applicant is provided with bases for appeal. *Dobrinoff v. Board of Supervisors of Franklin Township,* 136 Pa.Cmwlth. 282, 582 A.2d 1156 (1990). In pertinent part,

section 508 of the MPC provides as follows:

> (1) The decision of the governing body ... shall be in writing and shall be communicated to the applicant ... not later than 15 days following the decision.
> (2) When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon.
> (3) Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented....

53 P.S. § 10508.

Relying on *Petrone v. Board of Commissioners of Swatara Township,* 22 Pa. Cmwlth. 415, 349 A.2d 500 (1975), Developer first asserts that a tie vote constitutes a failure of the Board to render a decision either approving or denying the Plan application, entitling Developer to a deemed approval of the Plan pursuant to the plain language of section 508(3) of the MPC. In *Petrone,* this court held that a tie vote of a township's board of commissioners on an application for a building permit did not settle anything, could not be considered a timely decision, and entitled the applicant to a deemed approved pursuant to section 508(3) of the MPC.

However, in subsequent decisions, this court expressly disavowed the conclusion that a tie vote of an administrative body

---

4. The trial court did not address the averments in Count I of Developer's complaint that deemed approval was proper based on the Board's failure to specify defects found in the Plan.

5. Our scope of review of the trial court's order sustaining preliminary objections is limited to determining whether the trial court committed an error of law or abused its discretion. *Muncy Creek Township Citizens Committee v. Shipman,* 132 Pa.Cmwlth. 543, 573 A.2d 662 (1990).

constitutes the absence of a decision, entitling the applicant to a deemed approval; instead, we held that a tie vote of an administrative body constitutes an affirmance of the status quo and, thus, has the legal effect of denying the relief requested. *Penllyn Lands; Danwell Corp. v. Zoning Hearing Board of Plymouth Township,* 108 Pa.Cmwlth. 531, 529 A.2d 1215 (1987), *appeal denied,* 520 Pa. 578, 549 A.2d 138 (1988); *Giant Food Stores, Inc. v. Zoning Hearing Board of Whitehall Township,* 93 Pa.Cmwlth. 437, 501 A.2d 353 (1985).

Most recently, in *Penllyn Lands,* this court considered whether a developer was entitled to a deemed approval of a plan pursuant to section 508(3) of the MPC, where the township's board of supervisors denied approval by less than a vote of the majority of the entire board, as required by a provision of the Second Class Township Code.[6] The court rejected the appellant's reliance on *Petrone,* and, relying on *Giant Food Stores, Enck v. Anderson,* 25 Pa.Cmwlth. 318, 360 A.2d 802 (1976), and *Appeal of Emmanuel Baptist Church,* 26 Pa.Cmwlth. 427, 364 A.2d 536 (1976), the court in *Penllyn Lands* held that a tie vote of an administrative body constitutes a negative decision, rather than the absence of a decision.[7]

In the present case, we recognize that the vote by Supervisor Schneck, denying approval of the Plan despite his admiration for it, could be characterized as the type of deliberate inaction that the deemed approval provisions of section 508 are intended to eliminate. Nevertheless, we conclude that the trial court properly applied *Penllyn Lands* to determine that the Board's tie vote does not entitle Developer to a deemed approval of the Plan.

■ However, we agree that Developer is entitled to deemed approval of the Plan because the letter notifying Developer of the Board's decision did not specify the defects found in the application, did not describe the requirements that have not been met, and did not include citations to the provision or statute relied upon, as required by section 508(2) of the MPC. The plain language of section 508(2) reflects that it applies "when the application is not approved," and, clearly, such is the case here. Moreover, this court has consistently held that the language of section 508(2) is mandatory, and it is now well-settled that a failure to comply with these provisions will result in a deemed approval. *Coretsky v. Board of Commissioners of Butler Township,* 520 Pa. 513, 555 A.2d 72 (1989); *Borough of Plum v. Tresco,* 146 Pa.Cmwlth. 639, 606 A.2d 951 (1992); *Newberry Township Board of Supervisors v. Newberry Estates, Inc.,* 58 Pa.Cmwlth. 134, 427 A.2d 327 (1981). Thus, we conclude that Developer is entitled to deemed approval of the Plan, based on the Board's failure to satisfy the requirements of section 508(2) of the MPC.

■ We also agree with Developer that mandamus is an appropriate method of obtaining recognition of approval of a development plan when such approval is required by section 508 of the MPC, notwithstanding the filing of a statutory appeal. *Bobiak v. Richland Township Planning Commission,* 50 Pa.Cmwlth. 77, 412 A.2d 202 (1980). As we explained in *Croft v.*

6. Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §§ 65101–68701.

7. Although the issues presented in *Giant Food Stores, Enck* and *Emmanuel Baptist Church* concerned deemed approval under section 908 of the MPC, 53 P.S. § 10908, in *Penllyn Lands* the court held that these decisions are applicable to determinations under section 508(3) of the MPC, because the term "decision" has the same meaning under both sections.

*Board of Supervisors of Middletown Township,* 76 Pa.Cmwlth. 488, 464 A.2d 625, (1983), a statutory appeal challenges the content of the decision rendered, whereas a mandamus action brought under section 508 of the MPC challenges the inaction of the Board.

■ To succeed in an action in mandamus, a plaintiff must demonstrate a clear legal right to the relief requested, a corresponding duty in the defendant and the absence of any other appropriate or adequate remedy. *Penllyn Lands.* The availability of a remedy intended to challenge the content of a decision does not adequately afford a party the opportunity to challenge the Board's failure to comply with the notice requirements of section 508(2) of the MPC. *Croft.* Therefore, mandamus lies here to compel deemed approval of Developer's Plan, and the trial court's contrary conclusion was in error.

Accordingly, we reverse.

Senior Judge KELLEY concurs in the result only.

### ORDER

AND NOW, this 15th day of May, 2003, the order of the Court of Common Pleas of York County, dated July 9, 2002, is hereby reversed.