## Gallagher v. Building Inspector, City of Erie, Appellant.

Argued October 10, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*A. L. Gambatese,* Assistant City Solicitor, with him *James G. Hanes,* City Solicitor, for appellant.

*Irving Murphy,* with him *MacDonald, Illig, Jones & Britton,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, November 12, 1968:

This is an appeal by the defendant, Building Inspector of the City of Erie, from the grant of the plaintiffs' motion for summary judgment, and the order to issue the building permits in question. Appellees had acquired certain property in the City of Erie suitable for the construction of town houses. Building permits were issued to appellees on December 12, 1966.

After protests by the neighbors in January, 1967, the City Solicitor advised appellees that their building permits were suspended. On March 9, 1967, the City of Erie amended its Zoning Ordinance, so that a six-block area, including appellees' land, was reclassified from "B" residential to "A" residential, thus prohibiting the erection of town houses. On March 17, 1967, the building permits were revoked. Appellees then brought this action in mandamus to require the per-

mits to be reissued. The court below granted plaintiffs' motion for summary judgment, held appellee had a vested right in the permits, and ordered the permits reissued. This appeal followed.

Appellant urges that the appellees acquired no vested right by virtue of the issuance of the building permits. Appellant relies chiefly upon the allegation that appellees spent no money and incurred no liabilities in reliance upon their permits. Although this factual question is hotly disputed, for the purpose of the motion for summary judgment, we must assume appellant's allegations to be true. Appellant's main authority for the proposition that an outlay of money or an incurring of liabilities is required is *Penn Twp. v. Yecko Bros.*, 420 Pa. 386, 217 A. 2d 171 (1966). This Court there stated: "We have held in a long line of cases that even when an applicant is issued a building permit, unless he proceeds in good faith to incur substantial obligations in reliance thereon, the permit may be vacated or revoked if an amendment to the zoning ordinance or subsequent adoption of such an ordinance prohibits the proposed use of the land. The rule established by these cases was designed to prevent the creation of what would become a nonconforming use after the effective date of a pending zoning ordinance. It has been generally acknowledged that when a property owner in good faith has expended money or incurred liability in reliance on a building permit which he obtained under an existing ordinance, he acquires a vested right which entitles him to protection against a change in the zoning ordinance." See also *Penn Twp. v. Fratto*, 430 Pa. 487, 244 A. 2d 39 (1968); *Honey Brook Twp. v. Alenovitz*, 430 Pa. 614, 243 A. 2d 330 (1968); *Aberman, Inc. v. New Kensington*, 377 Pa. 520, 105 A. 2d 586 (1954); *A. N. "Ab" Young Co. Zoning Case*, 360 Pa. 429, 61 A. 2d 839 (1948); and *Gold*

*v. Bldg. Com. of Warren Boro.,* 334 Pa. 10, 5 A. 2d 367 (1939).

However, all of the above cited cases differ from the instant case in one material respect. They all involved cases where a zoning ordinance was pending at the time the building permit was applied for. They involved races to create nonconforming uses before the passage of a pending ordinance.

This Court in *Penn Twp. v. Yecko Bros.,* supra, noted: "Throughout the cases in which the rule appears there runs the dominating theme of fairness and good faith." Fairness there dictated against the claims of a landowner racing to get in ahead of a pending ordinance.

Here, however, fairness demands a tipping of the scales of justice in the opposite direction. Landowners received their building permits in entire good faith, before any action toward a zoning change. After the grant of the permits, the City decided to amend the ordinance, to prevent the appellees from completing that which was perfectly legal when they began it. The instant case is quite similar to *Shapiro v. Zoning Bd. of Adj.,* 377 Pa. 621, 105 A. 2d 299 (1954). There a permit was sought for an amusement park which, under the terms of the then existing ordinance, should have been granted. It was wrongfully refused, and the Court ordered, by mandamus, the issuance of a permit. Thereafter, the City issued a "provisional" sort of permit and then adopted changes in the Zoning Code to prohibit the intended use. The permit provisionally issued in response to the order of court was revoked. This Court there stated, at page 629: "The plaintiff's use permits having been applied for and issued as a matter of right under existing law and the subsequent amendatory ordinance being incapable of affecting them, the permits stand wholly unimpaired and must

be so recognized by the municipal authorities. As Mr. Chief Justice VON MOSCHZISKER had occasion to declare in Herskovitz v. Irwin, 299 Pa. 155, 160, 149 A. 195,— '. . . the original application in the present case was made before the amending ordinance here in question was even drafted, and it is not denied that the plans, so far as they went, complied with all existing legal requirements. Under such circumstances, the action of the inspector in issuing a permit was a mere ministerial duty, which permitted of no discretion and could be enforced by mandamus: Coyne v. Prichard et al., 272 Pa. 424, 427; Wright v. France, 279 Pa. 22, 25-6. If a permit cannot rightfully be refused in the first instance, it cannot be arbitrarily revoked after issuance: General Baking Co. v. Street Commissioners of Boston, 242 Mass. 194, 196-7, 136 N.E. 245, 246; State ex rel. Grimmer v. Spokane, 64 Wash. 388, 394, 116 Pac. 878, 880.' Nothing further is required of the plaintiffs for their uninterrupted use of their property to which the registration use permits entitled them." *Shapiro* went on, at page 630, to distinguish the *Yecko-Aberman* line of cases, on the very grounds on which we have distinguished them from the instant case: "This case is to be distinguished from a case such as A. J. Aberman, Inc. v. New Kensington, p. 520, ante, where the building permit was not obtained in good faith but merely in anticipation of the contemplated enactment of a general zoning law and in an effort to circumvent it." See also *Yocum v. Power,* 398 Pa. 223, 229, 157 A. 2d 368 (1960).

Also relevant here is the case of *Lhormer v. Bowen,* 410 Pa. 508, 188 A. 2d 747 (1963). In that case, the plaintiff applied for a permit to build a gas station—a permitted use under the existing ordinance. The permit was refused, the borough asserting that a new zoning ordinance was pending. This Court decided that

the borough solicitor's having been directed to prepare amendments to the ordinance did not create a "pending" ordinance. We distinguished cases like *Gold v. Bldg. Comm. of Warren Boro.,* supra; *A. N. "Ab" Young Co. Zoning Case,* supra; and *Aberman, Inc. v. New Kensington,* supra, on the grounds that the proposed ordinances in those cases were much closer to final passage. However, it should be noted that the landowner's position in *Lhormer* was considerably weaker than that of appellees here. There was at least a proposed change, even though no ordinance was "pending" prior to the landowner's application for a permit; here there was nothing. Moreover, no permit was ever issued in *Lhormer;* here a permit was issued and revoked. Nonetheless, this Court, speaking through Justice EAGEN, at page 512, condemned the action of the borough in strong language: "Appellant stresses the fact that the plaintiffs having not secured the permit suffered no detriment through expenditures in reliance thereof. This overlooks the fact that the plaintiffs will suffer substantially through the loss of the opportunity to sell the property for a sizeable sum of money. It also ignores that which is very fundamental. As stated in Lened Homes, Inc. v. Dept. of Licenses, supra, at page 54: 'An owner of property is still entitled in Pennsylvania to certain unalienable constitutional rights of liberty and property. These include a right to use his own home [or property] in any way he desires, provided he does not (1) violate any provision of the Federal or State Constitutions; or (2) create a nuisance; or (3) violate any covenant, restriction or easement; or (4) violate any laws or zoning or police regulations which are constitutional.' "

As this Court stated in *Yocum v. Power,* supra, at page 227: "As nothing can be more unjust in criminal law than an ex post facto law, so nothing is more

frowned on in civil law than a procedure which has the effect of making illegal what the law has already recognized as legal."

The judgment is affirmed.

Mr. Justice MUSMANNO did not participate in the decision of this case.

CONCURRING OPINION BY MR. JUSTICE COHEN:

The majority opinion does not discuss the situation that is created when a building permit is properly issued and nothing further is done by the holder. The problem of how long the holder can remain inactive with what amounts to an "outstanding lien" and thereby defeat a justifiable change in a zoning ordinance is neither decided nor discussed. It should be made clear that the majority opinion is not precedent for any position and cannot be used as such when that problem comes before us. I do, however, concur in the disposition made by the majority.

Mr. Chief Justice BELL joins in this concurring opinion.