## Tohickon Creek Associates v.
## Richland Twp. Board of Supervisors

*John A. Van Luvanee* and *Chris Schubert,* for plaintiff.

*Richard A. Rosenberger,* for Richland Township Board of Supervisors.

GARB, *P.J.,* March 15, 1988 — This is an action in mandamus in which plaintiff seeks approval of its final development plan. The issue has been submitted for disposition pursuant to plaintiff's motion for judgment on the pleadings. All parties agree that the record is complete and adequate for disposition.

Plaintiff is a partnership owning approximately 25.57 acres of land located at the western side of Richlandtown Pike, south of East Pumping Station Road in the Township of Richland. It is the desire of plaintiff to develop the land in 50 dwelling units. The application for final subdivision approval was submitted to the township and to the Richland

Township Planning Commission on March 25, 1986. It is agreed that the time for applicable review under the provisions of the Municipalities Planning Code was July 23, 1986.

The planning commission reviewed the application and decided that it be denied. This decision was made within the applicable review period, prior to July 23, 1986, and communicated to plaintiff and the board of township supervisors immediately thereafter. However, the board of township supervisors took no action whatsoever on the application. Based upon this lack of action by the board of township supervisors, plaintiff seeks final approval under the "deemed approved" concept of the Municipalities Planning Code. We decide that such order must be entered and the board of township supervisors ordered to approve the application.

Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a clear right in plaintiff, a corresponding duty in defendant, and a want of any other appropriate and adequate remedy. *Eckert v. Buckley,* 23 Pa. Commw. 82, 350 A.2d 417 (1976); *Suburban Group Inc. v. Gittings,* 22 Pa. Commw. 295, 348 A.2d 490 (1975); *Board of Supervisors of North Coventry Township v. Silverfox Corporation,* 10 Pa. Commw. 646, 312 A.2d 833 (1973). Mandamus is the proper remedy here appropriate to afford a property-owner relief under a zoning or land use ordinance. *Gallagher v. Building Inspector, City of Erie,* 432 Pa. 301, 247 A.2d 572 (1968) and *Vagnoni v. Bridgeport Borough Council,* 420 Pa. 411, 217 A.2d 741 (1966).

The narrow question for disposition herein is whether the denial and communication thereof by the planning commission to plaintiff constitutes a decision by the appropriate decision-making body.

Alternatively, the question may be stated as whether, on the facts of this case, it is required that a decision regarding the application must be made by the board of township supervisors. We determine that the law requires the latter. In default thereof, plaintiff is entitled to its relief on the "deemed approved" basis.

Section 501 of the Municipalities Planning Code, the Act of June 1, 1972, P.L. 93, § 501, 53 P.S. § 10501 provides in relevant part as follows:

"The governing body in each municipality may regulate subdivision and land development within the municipality by enacting a subdivision and land development ordinance. The ordinance may require that all plats of land lying within the municipality shall be submitted for approval to the governing body *or in lieu thereof to a planning agency designated in the ordinance for this purpose.* All powers granted herein to the governing body *or* the planning agency shall be exercised in accordance with the provisions of the subdivision and land development ordinance. . . ." (emphasis supplied)

Section 508 of the code provides in relevant part as follows:

"All applications for approval of plat . . . whether preliminary or final, shall be acted upon by the governing body, *or* the planning agency within such time limits as may be fixed in the subdivision and land development ordinance but the governing body, *or* the planning agency shall render its decision and communicate it to the applicant not later than 90 days following the date of the regular meeting of the governing body, *or* the planning agency . . ." (emphasis supplied)

Our interpretation of section 501 is that all plats of land shall be submitted for approval to the governing body or to a planning agency specifically des-

ignated by the governing body in the subdivision and land development ordinance. If such designation is made, then the decision of the planning agency is the one contemplated in section 508 as being made and communicated within 90 days of the date of the submission. If, however, such delegation is not made then the provisions of section 508 apply to the decision and communication thereof by the governing body. In this case the decision and communication thereof was made by the planning agency, but not by the governing body. The question, therefore, is whether the township subdivision and land development ordinance specifically designated the planning agency for that purpose. We believe that it did not.

Section 407 of the township subdivision and land development ordinance provides as follows:

"The purpose of the final plan is to require formal approval by the planning commission *and* the governing body before plans for all subdivisions and land developments are recorded as required by section 415 of this ordinance." (emphasis supplied)

Section 409 sets forth the procedure to be followed in all applications for approval of a final plan. Section 409(e) specifies the role of the planning commission. Section 409(e)(5) provides that the planning commission shall approve or disapprove the final plan. Section 409(e)(6) provides that the planning commission shall render its decision in writing which shall be communicated to the applicant personally, or mailed to him, not later than 15 days following the decision. It is further provided that a copy of the decision shall be sent to the governing body. Lastly, this subsection provides that where the application is not approved as filed, the decision shall specify the defects found in the application. Section 409(f) provides as follows:

"If the planning commission approves the final plan, the plan shall be forwarded to the governing body for its final action. Following the receipt of reports and all required contracts specified in section 802 of this ordinance, and within 90 days following the starting date of the review process as set forth in section 401 (b) and (d), the governing body shall render a decision. The governing body shall mail a report of its decision to the applicant at its last known address within 15 days of its action. When the application is not approved in terms as filed, the decision shall specify the defects found and describe the requirements which have not been met and shall in each case cite the provisions of the ordinance that have been filed upon."

Upon careful reading of these relevant sections of the township's subdivision and land development ordinance, we conclude that it does not constitute a delegation of the decision-making process upon the township planning commission. The very statement of purpose in section 407 provides that it is to require formal approval by the planning commission and the governing body before plans for subdivision and land developments are recorded. In outlining the procedures for the planning commission in section 409(e) it is provided that the planning commission shall approve or disapprove the final plan, rendering its decision, in writing to both the applicant and the governing body. It is true that there is an ambiguity in this ordinance with respect to section 409(f). Therein, as noted above, it provides that the final plan shall be forwarded to the governing body for its "final action" if the planning commission approves the final plan. No provision is made for such transmission in this subsection where the planning commission disapproves the final plan. However, when we look back to section 409(e)(6) it is noted

that the "decision" of the planning commission, which pursuant to section 409(e)(5) may be either approval or disapproval, is communicated to the applicant and to the governing body. Further, in section 409(f) it is provided that after the plan is forwarded to the governing body by the planning commission, where there has been an approval, the governing body shall within 90 days of the starting date of the review process "render a decision." We would presume that the decision is either approval or disapproval. It is further provided that this decision will be communicated to the applicant within 15 days of the action of the governing body. Quite obviously, the purpose of the time constraints in subsection (f) are directed to the requirements of section 508 of the Municipalities Planning Code. Based upon the foregoing, although not totally clear, we believe that the township subdivision and land development ordinance contemplates that the decision-making authority with respect to subdivision and land developments remains with the governing body and not with the planning commission.

We recognize that the ambiguity as noted herein in the ordinance may support the argument that final decision-making authority lies with the planning commission where it determines to disapprove whereas the final decision-making is with the governing body where there is an approval recommended by the planning commission. Although the ordinance may be read that way, we do not believe that the enabling legislation in section 501 of the code would allow it.*

---

* If double approval were allowed, the "deemed approved" provisions would allow 180 days of consideration between the two bodies.

In *Bobiak v. Richland Township Planning Commission*, 50 Pa. Commw. 77, 412 A.2d 202 (1980) the Commonwealth Court reversed this court for dismissal of plaintiff's action in mandamus to require the planning commission of the same township to approve their final plans on a "deemed approved" basis. From our reading of the case, it does not appear that the issue of whether the planning commission had the delegated authority to make the final decision was ever raised or decided by the court. *National Development Corporation v. Planning Commission of the Township of Harrison*, 64 Pa. Commw. 246, 439 A.2d 1308 (1982) is of little help. We have no way of knowing in that case the nature of the grant of authority, if any, to the township planning commission. Likewise, *Pace Resources v. Shrewsbury Township Planning Commission and Shrewsbury Township Board of Supervisors*, 89 Pa. Commw. 468, 492 A.2d 818 (1985) we learn only that in an appropriate case this ultimate authority may vest in the planning commission. With that we have no argument.

Finally, we would note in conclusion that our construction of section 501 of the Municipalities Planning Code is confirmed in section 11.2.2 of Pennsylvania Zoning Law and Practice by Robert S. Ryan as follows:

"This usual allocation of functions is not the only one permitted by the Municipalities Planning Code. Under code section 501, 53 P.S. § 10501, the governing body may delegate the *entire* approval function to a 'planning agency' designated in the ordinance. For instance, the approval power could be delegated to the local Planning Commission or to a special committee of the governing body established for that purpose . . . where the approval function has been delegated, the governing body simply

'drops out' of the application process, but the county planning agency would continue to be notified of applications under code section 502, so that it can submit its recommendations."

For the foregoing reasons we conclude that a decision on this application was required to be made by the governing body. Inasmuch as no such decision was made and communicated within 90 days as provided for in section 508, the relief requested in this action of mandamus must be granted.

## ORDER

And now, this March 15, 1988, it is hereby ordered as follows:

(1) The board of supervisors of Richland Township, Bucks County, Pa., shall approve the final subdivision plan of the Centennial Village subdivision in terms as presented.

(2) This court retains jurisdiction over this matter for purposes of enforcement of the foregoing order.

(3) Costs are on defendant.