In re The Appeal of William and Margaret APGAR FROM the DECISION OF the BOARD OF COMMISSIONERS OF MANHEIM TOWNSHIP.

In re The Appeal of William and Margaret APGAR FROM the DECISION OF the ZONING HEARING BOARD OF the TOWNSHIP OF MANHEIM.

William and Margaret Apgar, Appellants.

Commonwealth Court of Pennsylvania.

Argued April 4, 1995.
Decided June 22, 1995.

John W. Metzger, for appellants.

Christopher S. Underhill, for appellee.

Before: PELLEGRINI, FRIEDMAN, JJ., and DELLA PORTA, Senior Judge.

DELLA PORTA, Senior Judge.

William and Margaret Apgar (the Apgars) appeal from an order of the Court of Common Pleas of Lancaster County which affirmed the decision of the Zoning Hearing Board of Manheim Township (Zoning Hearing Board) denying their challenge to the validity of the amendatory zoning ordinance and affirmed the decision of the Board of Commissioners of Manheim Township (Board of Commissioners) granting a conditional use to the City of Lancaster Authority (Authority). The issue raised on appeal is whether the amendatory zoning ordinance constitutes invalid special legislation.

On May 1, 1992, the Authority filed an application for a variance, proposing to construct a booster water pumping station on a tract of land owned by the Manheim Township (Township). The tract is located on the south side of Buch Avenue, east of Fruitville Pike in R–1 Residential zoning district where a public utility installation was permitted as a use by right under the Manheim Township Zoning Ordinance (Ordinance) then in effect. A variance was required because 31–foot front yard and 12–foot rear yard setback lines of the proposed plan did not meet the minimum 35–foot front yard and 15–foot rear yard setback requirements for public utility installations in R–1, R–2, R–3 and R–4 zoning districts. On August 3, 1992, the Zoning Hearing Board denied the Authority's request for a variance.[1]

On January 25, 1993, the Board of Commissioners adopted Ordinance 1993–4 which changed a public utility installation in all residential districts from a use by right to a conditional use requiring approval of the Board of Commissioners under the compliance criteria set forth in Section 2210.3 of the Ordinance. Ordinance 1993–4 also reduced the required minimum front, side and rear setback lines to 25, 10 and 10 feet, respectively, for a public utility installation in those districts.

On March 12, 1993, the Authority filed an application for a conditional use pursuant to Ordinance 1993–4 for construction of a pumping station on the same tract. In its application, the Authority stated that the proposed pumping station would increase the water supply and pressure in the Township, and that the subject tract is suitable for the proposed use because it was previously used for the sanitary sewer pumping station and could not meet the minimum lot area requirement for construction of a single-family residence. Following a hearing, the Board of Commissioners granted the Authority's request for a conditional use subject to certain conditions, including a placement of landscape screening on the tract.

---

1. The Authority appealed the Zoning Hearing Board's decision to the trial court, but subsequently withdrew its appeal after the Township published notice of the proposed amendment in question.

The Apgars, who owned adjacent property abutting three sides of the subject tract,[2] appealed the Board of Commissioners' decision to the trial court, alleging that the Authority failed to meet the criteria for granting a conditional use and that the Board of Commissioners' actions were arbitrary and capricious. In addition, pursuant to Section 916.1(b) of the Pennsylvania Municipalities Planning Code (MPC),[3] the Apgars challenged the validity of Ordinance 1993–4 before the Zoning Hearing Board. The Apgars alleged, *inter alia*, that Ordinance 1993–4 constitutes a preferential and non-comprehensive zoning enacted solely to accommodate the Authority's need and therefore must be declared unconstitutional. The Zoning Hearing Board rejected the validity challenge, and the Apgars appealed to the trial court. The trial court, after consolidating both appeals, affirmed the decisions of the Zoning Hearing Board and the Board of Commissioners.

On appeal, the Apgars contend that Ordinance 1993–4 constitutes invalid special legislation adopted solely to permit the Authority to construct a pumping station. The Township argues, on the other hand, that because the theory of special legislation was never advanced before the Zoning Hearing Board or the trial court, it was waived and may not be raised for the first time before this Court. *813 Assoc. v. Zoning Hearing Board of Springfield Township*, 84 Pa.Commonwealth Ct. 420, 479 A.2d 677 (1984).[4]

■ The record reveals, however, that the Apgars in prior proceedings had made the same argument that although the facts in this case do not support a finding of unlawful spot zoning, Ordinance 1993–4 must be declared invalid under the principles applicable to spot zoning cases because it was adopted without comprehensive planning and for the sole purpose of giving preferential treatment to a specific tract of land.[5] Thus, although the Apgars did not label their theory of requested relief as "special legislation" until they appealed to this Court, the underlying basis for their validity challenge has remained the same throughout the proceedings. Hence, the issue was not waived, and we will accordingly consider whether Ordinance 1993–4 constitutes invalid special legislation under the facts presented in this matter.[6]

■ A zoning ordinance enacted by a governing body is presumed to be valid and constitutional. *Schubach v. Silver*, 461 Pa. 366, 336 A.2d 328 (1975). Therefore, the party challenging the validity of the zoning ordinances on the basis of special legislation must clearly establish that the ordinance is unjustly discriminatory, arbitrary, unreasonable and confiscatory in its application to a particular or specific piece of property. *Shapiro v. Zoning Board of Adjustment*, 377 Pa. 621, 105 A.2d 299 (1954); *Klein v. Council of City of Pittsburgh*, 164 Pa.Commonwealth Ct. 521, 643 A.2d 1107 (1994). If the validity of the zoning ordinance is debatable, we must allow the legislative judgment to control. *Bilbar Construction Co. v. Easttown Town-*

---

**2.** The record showed that a sewage pumping station existed on the subject tract when the Apgars purchased their property.

**3.** Act of July 31, 1968, P.L. 805, *as amended*, added by Section 99 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10916.1(b).

**4.** On appeal, the Apgars do not contend, as they did before the trial court, that the Authority failed to meet its burden of establishing entitlement to a conditional use or that the Board of Commissioners' actions were arbitrary and capricious. They challenge only the Zoning Hearing Board's decision upholding the validity of Ordinance 1993–4. Hence, the issue of the propriety of the Board of Commissioners' decision is waived and need not be addressed. *See Chene v. Workmen's Compensation Appeal Board (Giant*

*Eagle, Inc.)*, 159 Pa.Commonwealth Ct. 229, 632 A.2d 1058 (1993), *appeal denied*, 539 Pa. 639, 650 A.2d 53 (1994).

**5.** A spot zoning is defined as "a singling out one lot or a small area for different treatment from that accorded to similar surrounding land indistinguishable from it in character, for the economic benefit of the owner of that lot or to his economic detriment." *Mulac Appeal*, 418 Pa. 207, 210, 210 A.2d 275, 277 (1965).

**6.** This Court's scope of review in zoning cases, where, as here, the trial court took no additional evidence, is limited to determining whether the zoning hearing board committed an error of law or an abuse of discretion. *Isaacs v. Wilkes–Barre City Zoning Hearing Board*, 148 Pa.Commonwealth Ct. 578, 612 A.2d 559 (1992).

ship Board of Adjustment, 393 Pa. 62, 141 A.2d 851 (1958).

■ In deciding the validity of a zoning ordinance, the courts have consistently limited the application of the theory of special legislation to situations where amendatory zoning ordinances were adopted to deprive the applicant of vested interests in permits issued before the amendment or to prevent a permitted use proposed in the pending application. See Gallagher v. Building Inspector, City of Erie, 432 Pa. 301, 247 A.2d 572 (1968); Commercial Properties, Inc. v. Peternel, 418 Pa. 304, 211 A.2d 514 (1965); Yocum v. Power, 398 Pa. 223, 157 A.2d 368 (1960); Shapiro; Warner Co. v. Zoning Hearing Board of Tredyffrin Township, 148 Pa.Commonwealth Ct. 609, 612 A.2d 578 (1992), appeal denied, 533 Pa. 654, 624 A.2d 112 (1993); Limekiln Golf Course, Inc. v. Zoning Board of Adjustment of Horsham Township, 1 Pa.Commonwealth Ct. 499, 275 A.2d 896 (1971). Thus, an amendatory zoning ordinance constitutes special legislation only where it is enacted to prevent a lawful use of land permitted under the existing ordinance. Clover Hill Farms, Inc. v. Lehigh Township Board of Supervisors, 5 Pa.Commonwealth Ct. 239, 289 A.2d 778 (1972).

■ In the matter sub judice, the Apgars are not asserting that Ordinance 1993–4 deprived them of any vested rights in zoning permits issued before the amendment or that it prohibits the use of their property permitted before the amendment. On the contrary, they allege that Ordinance 1993–4 was enacted to permit a use which would otherwise have been prevented by the existing zoning ordinance. Acknowledging that all the cases invalidating amendatory zoning ordinances as special legislation involved the amendments adopted to prevent otherwise permissible uses on a particular parcel of land, the Apgars urge this Court to extend the theory of special legislation to the facts in this matter and declare Ordinance 1993–4 invalid. However, we are not persuaded that such deviation from the well-established case law is justified under the circumstances in this matter.

■ It is undisputed that before the adoption of Ordinance 1993–4, the Township Planning Commission and the Lancaster County Planning Commission reviewed the proposed amendment, as required by the MPC, and recommended its approval. The record thus shows that proper considerations were given to the Township comprehensive plan in adopting Ordinance 1993–4. Moreover, since Ordinance 1993–4 applies to all four residential zoning districts, it is neither unjustly discriminatory nor arbitrary in its application.

■ The Apgars contend that Ordinance 1993–4 was enacted to give preferential treatment to the Authority's proposed use of the subject property. However, the state of mind of the legislative body in enacting a zoning ordinance is irrelevant to a determination of its validity. Klein; Nichols v. City of Corry, 53 Pa.Commonwealth Ct. 248, 417 A.2d 836 (1980). Rather, the legislation must stand or fall on its own terms; even the strenuous lobbying by supporters of the zoning amendment for its passage itself does not render the amendment special legislation. Klein.

■ Finally, the Apgars' argument that Ordinance 1993–4 is not related to public health, safety, morals or welfare of the community is without merit. Zoning is an exercise of the police power to serve the common good and general welfare. Carlino v. Whitpain Investors, 499 Pa. 498, 453 A.2d 1385 (1982). The Apgars do not dispute that the Board of Commissioners has legislative authority to reduce the existing minimum setback requirements for the zoning districts. It is fundamental that the court may not substitute its views for those of legislative bodies as to whether the means employed by enactment of zoning ordinance is likely to serve the public health, safety, morals or general welfare. Sharp v. Zoning Hearing Board of Township of Radnor, 157 Pa.Commonwealth Ct. 50, 628 A.2d 1223, appeal denied, 536 Pa. 629, 637 A.2d 290 (1993).

Accordingly, since the Apgars failed to meet its burden of establishing that Ordinance 1993–4 is invalid special legislation, the order of the trial court is affirmed.

*ORDER*

AND NOW, this 22nd day of June, 1995, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is affirmed.