**J.B. STEVEN, INC., Appellant,**

v.

**COUNCIL OF THE BOROUGH OF EDGEWOOD, The Borough of Edgewood, Peter D. Messina, Manager of the Borough of Edgewood, and Ted Hale, Building Inspector of the Borough of Edgewood.**

Commonwealth Court of Pennsylvania.

Argued March 13, 1995.

Decided April 19, 1995.

See also 657 A.2d 1355.

Victor R. Delle Donne, for appellant.

Carl W. Brueck, Jr., for appellee.

Before COLINS, President Judge, FRIEDMAN, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

J.B. Steven, Inc. (JBS or Appellant), engaged in the outdoor advertising business, appeals from the order of the Court of Common Pleas of Allegheny County sustaining the preliminary objections of the appellees, the Borough of Edgewood, et al., (Borough) and dismissing Appellant's complaint in mandamus.

JBS applied for permission to erect three billboards at two locations in the Borough on opposite sides of the Parkway East. Permission was denied because the then existing ordinance did not permit off-premises advertising signs. JBS challenged the validity of the ordinance, and after a hearing before the Borough Council, the challenge was denied because the curative amendment adopted by the Borough was unacceptable to JBS. JBS filed a statutory appeal, which is also before the court in a companion case, and subsequently filed this complaint in mandamus, which was dismissed by the trial court on the authority of *J.B. Steven, Inc., v. The Board of Commissioners of Wilkens Township,* 164 Pa.Commonwealth Ct. 315, 643 A.2d 142 (1994).

In *Wilkens Township,* a case on all fours with this case, this Court held that mandamus would not lie even though the exclusionary ordinance was invalid, because the right to relief was not clear without a determination in the statutory appeal as to what reasonable restrictions of general zoning regulations were applicable. Appellant admits that *Wilkens Township* bars relief in this case, but claims that *Wilkens Township* was wrongly decided, and is in conflict with this Court's decision in *Stoner v. Township of Lower Merion,* 138 Pa.Commonwealth Ct. 257, 587 A.2d 879 (1991), *petition for allowance of appeal denied,* 529 Pa. 660, 604 A.2d 252 (1992).

In *Stoner* the landowners were pursuing a claim that their application for the subdivision of a parcel into two dwelling lots fully complied with all subdivision and zoning requirements, and they were entitled to prelim-

inary plan approval in mandamus. This Court held on the face of the record, that the proposed subdivision did comply with all ordinance requirements, reversed the trial court that had sustained preliminary objections, and dismissed the mandamus count. However, the *Stoner* court stated:

> In this case, the landowners are not seeking to invalidate any zoning or subdivision requirement of Lower Merion Township; therefore the doctrine of Unger v. Township of Hampton, 437 Pa. 399, 263 A.2d 385 (1970), negating mandamus for validity challenges, is wholly inapplicable here.

*Stoner,* 138 Pa.Commonwealth Ct. at 262, 587 A.2d at 881 (emphasis omitted).

Of course, in both this case and the *Wilkens Township* case, Appellant challenged the validity of the zoning ordinances on the grounds that off-site outdoor advertising signs were excluded. Challenges to the validity of such ordinances are made pursuant to Article IX of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* re-enacted and amended by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10901–10916.2, and particularly 53 P.S. § 10916.1. Statutory appeals "shall constitute the exclusive mode for securing review of any decision rendered pursuant to Article IX or deemed to have been made under this act." Section 1001–A of the MPC, 53 P.S. § 11001–A.

Appellant argues it is not challenging the validity of the Borough's zoning ordinance because the Borough has admitted its invalidity. However, the Borough's curative amendment is not acceptable to JBS. The MPC provides that:

> (f) The challenge shall be deemed denied when:
>
> .  .  .  .  .
>
> (3) the governing body adopts another curative amendment which is unacceptable to the landowner;

53 P.S. § 10916.1(f)(3).

Clearly, Appellant is still attempting to challenge the validity of the Borough's zoning ordinance in a mandamus action which is barred by *Unger. See also* Ryan, Pennsylvania Zoning Law and Practice, § 9.1.11, p. 36

(1993). The order of the trial court is, therefore, affirmed.

## ORDER

NOW, <u>April 19, 1995</u>, the order of the trial court sustaining the preliminary objections of the appellees, Council of the Borough of Edgewood, the Borough of Edgewood, Peter D. Messina, Manager of the Borough of Edgewood, and Ted Hale, Building Inspector of the Borough of Edgewood, and dismissing the complaint in mandamus of the appellant, J.B. Steven, Inc., is affirmed.