Rodolfo FOLINO

v.

**GREENWICH TOWNSHIP, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 2004.

Decided Nov. 24, 2004.

Richard L. Orwig, Reading, for appellant.

Eugene C. LaManna, Reading, for appellee.

BEFORE: SMITH–RIBNER, Judge, COHN JUBELIRER, Judge (P), and LEAVITT, Judge.

OPINION BY Judge SMITH–RIBNER.

Greenwich Township (Township) appeals from an order of the Court of Common Pleas of Berks County granting Rodolfo Folino's land use appeal and ordering the Township to review Folino's preliminary land development plan in accordance with the Township's zoning and land development ordinances in effect on September 10, 2002. The Township presents the following issues: whether Folino improperly filed a land use appeal rather than a validity challenge to the Township's 2003 zoning ordinance and whether Folino failed to aver a proper cause of action because the pending ordinance doctrine does not apply to this case.

On or about September 10, 2002, Folino filed a sketch plan with the Township for the proposed development of an eighty-nine unit residential subdivision in the Township's "Village District."[1] As stated in Section 406.1 of the then-effective 1973 zoning ordinance, the Township's intent in defining the Village District was to promote neighborhood-oriented mixed residential and light-commercial development.[2] On September 30, 2002, the Township Planning Commission rejected Folino's sketch plan because, among other reasons, it did not provide for mixed residential-commercial use. On October 25, 2002, Folino simultaneously filed in the trial

---

1. Review procedures and substantive requirements for sketch, preliminary and final land development plans are contained in Articles III and IV, Sections 301–313 and 401–403, of the Township's 1996 Subdivision and Land Development Ordinance (SALDO).

2. Section 406.1(A) lists the following permitted uses for the District: single-family detached and semi-detached dwellings, townhouses and condominiums, craft studios, medical and dental offices, personal services, catering businesses and veterinarians. Sections 406.1(C) and (D) list a variety of conditional and special-exception uses within the light-commercial category, e.g., auto-repair garages, laundromats, postal facilities, restaurants and taverns.

court a declaratory judgment/mandamus action and a land use appeal of the Planning Commission's rejection of the sketch plan.

Folino's counsel appeared at the December 2, 2002 meeting of the Township's Board of Supervisors (Board) and stated that he would be submitting a preliminary land development plan for the project sometime that month. The Board, however, adopted a motion directing the Township not to accept any preliminary plans from Folino because his legal actions were pending in the trial court, and his appeal referenced "all present and future plan submissions regarding the tract."[3] The minutes of the Board's December 2 and December 30 meetings indicate that Folino tried, on at least one occasion, to deliver a preliminary plan to the Township, but apparently the plan was refused.

At the same time, the Board was considering amendments to its 1973 zoning ordinance. At its December 23, 2002 meeting, the Planning Commission considered proposed revisions to the Township's 1973 zoning ordinance, including amendments to Section 406. On January 6, 2003, Folino filed a motion for peremptory judgment requesting the trial court to rescind and vacate the Planning Commission's rejection of the sketch plan, to order the Board to review the sketch plan and to order the

Planning Commission and the Board to review all of Folino's future plan submissions. On March 3, 2003, the Board adopted Ordinance No. 2003–2, which, among other amendments, entirely rewrote the Section 406 provisions in effect when Folino submitted his sketch plan.[4]

On June 18, 2003, the trial court issued an order granting in part Folino's motion for peremptory judgment and directing that the Planning Commission's rejection of the sketch plan be rescinded and voided and that the Township forward the sketch plan with recommendations and/or comments to the Board for action pursuant to Section 303.5 of the SALDO. At its July 28, 2003 meeting, the Planning Commission reviewed the sketch plan and, based on the newly enacted 2003 zoning ordinance, it recommended that the sketch plan be rejected. Folino resubmitted his original preliminary plan for the project on August 1, 2003, and after further revisions the Planning Commission reviewed the plan at its October 27, 2003 meeting and recommended that it be rejected based on the new ordinance. At its November 3, 2003 meeting, the Board adopted the Planning Commission's recommendation and rejected the preliminary plan.

■ On December 2, 2003, Folino filed another land use appeal, and by order of

---

**3.** In Count I—Mandamus of the Complaint, docketed at No. 02–12088, Folino requests that the trial court direct "Defendant to review Plaintiff's Sketch Plan and further plan submissions in accordance with the law." In Count II—Declaratory Judgment, Folino requests that the trial court declare that "Plaintiff is permitted to develop its land and that Defendant shall not be permitted to base any rejection of Plaintiff's Sketch Plan or further plan submission[s] on the use proposed by Plaintiff, so long as the use is a use permitted by right under the Zoning Ordinance...." In his notice of appeal, also docketed at No. 02–12088, Folino requests the trial court to "direct the Planning Commission of Greenwich

Township to review the Sketch Plan and subsequent submissions of the Preliminary Plan and Final Plan in accordance with law."

**4.** The newly enacted Section 406 provides more specific requirements for development in the Village District. For example, it specifically requires mixed residential and nonresidential uses, of which nonresidential uses are to comprise at least ten percent but not more than twenty-five percent of the total area of development. It also requires that not less than twenty-five percent of the total development be designated as common open space.

April 5, 2004 the trial court granted the appeal and ordered the Township to review Folino's preliminary plan under the 1973 zoning ordinance in effect on September 10, 2002 when Folino first submitted his sketch plan, which initiated the plan approval process. In its June 1, 2004 memorandum opinion, the court agreed with the Township's argument that the pending ordinance doctrine does not apply to applications for subdivision or land development. *See Naylor v. Township of Hellam*, 565 Pa. 397, 773 A.2d 770 (2001). However, the court concluded that Folino's proposed project should be reviewed under the 1973 ordinance pursuant to Section 508(4) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10508(4):

> (4) Changes in the ordinance shall affect plats as follows:
>
> (i) From the time an application for approval of a plat, whether preliminary or final, is duly filed as provided in the subdivision and land development ordinance, and while such application is pending approval or disapproval, no change or amendment of the zoning, subdivision or other governing ordinance or plan shall affect the decision on such application adversely to the applicant and the applicant shall be entitled to a decision in accordance with the provisions of the governing ordinances or plans as they stood at the time the application was duly filed. In addition, when a preliminary application has been duly approved, the applicant shall be entitled to final approval in accordance with the terms of the approved preliminary application as hereinafter provided.

> However, if an application is properly and finally denied, any subsequent application shall be subject to the intervening change in governing regulations.

The court further concluded that the Township had unfairly attempted to circumvent the public policies embodied in Section 508(4) by legislating changes to the zoning ordinance before Folino submitted another plan. In regard to the newly enacted Section 406, the court noted that "[t]he net effect of this revision made approval of the Plaintiff's plans impossible." Memorandum Opinion at p. 2.[5]

On appeal, the Township first argues that Folino should have brought his case before the Township's zoning hearing board pursuant to Sections 909.1 and 916.1 of the MPC, added by Sections 87 and 99 of the Act of December 21, 1988, P.L. 1329, 53 P.S. §§ 10909.1 and 10916.1, because he is challenging the substantive validity of the 2003 zoning ordinance. Citing *Unger v. Township of Hampton*, 437 Pa. 399, 263 A.2d 385 (1970), the Township points out that a substantive validity challenge is ripe for judicial review only after a hearing before the zoning hearing board because the case may present issues of fact and interpretation within the special expertise of the board. Furthermore, Folino's complaints of prejudice because of enactment of the 2003 zoning ordinance are unfounded, when several other sections of the 1973 ordinance were amended. Also Folino had actual notice that the Township intended to amend the ordinance.

 It is true that substantive challenges to the validity of a municipality's zoning ordinance must be brought by statutory appeal pursuant to Section 916.1 of the MPC. *Unger; J.B. Steven, Inc. v.*

---

**5.** In land use appeals, when the trial court takes no additional evidence, this Court's review is limited to determining whether the governing board committed an abuse of discretion or an error of law. *Trojnacki v. Board of Supervisors Solebury Township*, 842 A.2d 503 (Pa.Cmwlth.2004).

*Council of the Borough of Edgewood,* 658 A.2d 1 (Pa.Cmwlth.1995). As Folino points out in his brief, however, he is appealing the Board's rejection of his preliminary plan resulting from the improper and illegal application of the 2003 zoning ordinance. Folino does not challenge the validity of any portion of that ordinance; instead, he contends that under Section 508(4) of the MPC the Board was prohibited from reviewing his plan under the 2003 ordinance. A zoning hearing board does not have jurisdiction over the decision of a municipality's governing body to approve or reject a landowner's preliminary plan; such appeals are properly taken to the courts of common pleas. Section 1001–A of the MPC, added by Section 101 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11001–A; *see CACO Three, Inc. v. Board of Supervisors of Huntington Township,* 845 A.2d 991 (Pa.Cmwlth.), *appeal denied,* —— Pa. ——, 860 A.2d 491 (2004); *Morris v. South Coventry Township Board of Supervisors,* 836 A.2d 1015 (Pa.Cmwlth.2003), *appeal denied,* —— Pa. ——, 860 A.2d 126 (2004).

Alternatively, the Township argues that Folino failed to state a cause of action because the pending ordinance doctrine does not apply to the submission of sketch plans, and Folino failed to submit a preliminary plan before adoption of the 2003 zoning ordinance. The Township asserts that a sketch plan is a less detailed conceptual plan, which merely provides a basis for the initial conversation between a developer and the Township regarding the scope of a particular project. In contrast, a preliminary plan requires complex engineering submissions, storm water calculations and possible approval by the Departments of Environmental Protection and Transportation and is subject to lengthy review. Additionally, Pennsylvania's appellate courts distinguish preliminary plans from other less formal applications.

Folino, in response, maintains that the rationale for Section 508(4) of the MPC supports the argument that a sketch plan should be treated as part of a preliminary plan because the purpose of the section is to prevent a municipality from amending an ordinance after it learns of a developer's plans.[6] Contrary to the Township's representations, its subdivision and land development ordinance requires the submission of a sketch plan.[7]

---

6. In *Raccoon Mountain, Inc. v. Perry County Planning Commission,* 50 Pa.Cmwlth. 613, 413 A.2d 1170 (1980), the Court held that the "deemed approval" provision in Section 508(3) of the MPC, 53 P.S. § 10508(3), does not apply to a "pre-application (sketch) plan" when a pre-application plan is not a mandatory part of the land-development application process. Similarly, in *Monumental Properties, Inc. v. Board of Commissioners of the Township of Whitehall,* 11 Pa.Cmwlth. 105, 311 A.2d 725 (1973), a case where the developer submitted a sketch plan and a preliminary plan prior to amendment of the municipality's zoning ordinance, the Court distinguished the plans and implicitly acknowledged that the pending ordinance doctrine applied only to preliminary plans.

7. Section 302.1 of the SALDO provides: "Plan to be Filed with the Municipality— Copies of the Sketch Plan for all proposed subdivisions and all required supporting data shall be submitted to the Municipal Secretary (or representative) by the subdivider or his representative authorized in writing to submit the plan." Sections 302.2–302.5 provide details regarding copies, filing fees and distribution. The introductory paragraph of Section 303, "Review of Sketch Plan," states: "A Sketch Plan shall be considered a submission for discussion between the Subdivider and the Township. Submission of a Sketch Plan shall not constitute official submission of a plan except in the case of the exemptions identified in Section 312." Sections 312.1 and 312.2 describe development plans for which one may submit only a sketch plan. The remainder of Section 303 describes the sketch plan review process.

■ Based upon its review of the SAL-DO and relevant sections of the MPC, the Court agrees with the Township that the preliminary plan represents a distinct stage in applying for approval of a subdivision or land development plan. The SAL-DO defines submission of sketch plans and preliminary plans as separate stages in receiving approval of a plan, and although the detail with which the review of sketch plans is described in the SALDO suggests that they are an integral part of the review process, Section 303 states that a sketch plan does not constitute "official submission of a plan." As acknowledged by Folino in his brief, Section 1006–A(e) of the MPC, added by Section 101 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11006–(A)(e), provides that "[t]he court may act upon *preliminary or sketch plans* by framing its decree to take into account the need for further submissions before final approval is granted." (Emphasis added.) Were the analysis to end here, the Court would conclude that the Township acted properly in reviewing Folino's plan under the 2003 ordinance.

■ The record discloses, however, that Folino attempted to submit a preliminary plan in December 2002, several months before the Township approved the 2003 zoning ordinance. The Township refused to consider the submission based on a motion approved by the Board at its December 2, 2002 meeting, which directed the Township to refuse the preliminary plan from Folino until resolution of his pending legal actions. The Township provides no case law or statutory authority for the moratorium on processing Folino's preliminary plan, and, without such authority, the Board abused its discretion in adopting the moratorium and in refusing to accept the plan. Section 1006–A(a) of the MPC provides that in a land use appeal "the court shall have power to ... set aside or modify any action, decision or order of the governing body ... of the municipality brought up on appeal." Accordingly, the trial court properly acted within its power in ordering the Board to review Folino's preliminary plan under the 1973 zoning ordinance in effect on September 10, 2002 when Folino initiated the plan approval process by submitting his sketch plan. The Court thus affirms the order of the trial court.

### *O R D E R*

AND NOW, this 24th day of November, 2004, the order of the Court of Common Pleas of Berks County is affirmed.